*1029872693*

IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

IN THE DISTRICT COURT OF
Payne County, Oklahoma
FILED
JUN 15 2015
LORI ALLEN, Court Clerk
By: _____ Deputy

| | |
|---|---|
| HENRY E. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CJ-2015-222 |
| ) | |
| GROUND ZERO SHELTERS, CO., ) | |
| ) | JURY DEMANDED |
| Defendant. ) | ATTORNEY LIEN CLAIMED |
| ) | |

## PETITION

COMES NOW the Plaintiff, HENRY E. BROWN, by and through his attorney of record, J. Derek Ingle of E. Terrill Corley & Associates, and files this Petition against the Defendant GROUND ZERO SHELTERS, CO., and alleges as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Henry E. Brown is a resident of Stillwater, Payne County, State of Oklahoma.

2. Defendant Ground Zero Shelters, Co., is a corporation doing business in Perry, Noble County, State of Oklahoma.

3. The Plaintiff was an employee of Defendant as defined by state and federal law.

4. The events giving rise to this action occurred in Noble County, Oklahoma.

5. The jurisdiction of this Court is proper pursuant to 12 O. S. § 2004(f). Venue is properly laid pursuant to 12 O.S. §§ 133, 134.

### II. PROCEDURAL REQUIREMENTS

6. Mr. Brown filed a charge of discrimination with the United States Equal Employment Opportunity Commission on October 1, 2014. Such charge was filed within three

DEFENDANT'S EXHIBIT
2

hundred (300) days after the alleged unlawful employment practices occurred. The EEOC sent Mr. Brown his Notice of Right to Sue Letter on March 17, 2015, and this case was filed less than 90 days after the receipt of the Right to Sue Letter.

### III. FACTUAL BACKGROUND

7. Plaintiff began his employment as a welder with Defendant on or about November 2012.

8. A few months after, a co-worker called Plaintiff the "N-word" and threatened to hang Plaintiff from a scissor lift. Plaintiff reported this incident to the company. Ever since then Plaintiff has been referred to and called the "token black guy" around the shop on a continual basis.

9. Plaintiff has also endured the ongoing and continual use of the "N-Word" during breaks and lunch time when co-workers would use it telling racially-defamatory and derogatory jokes in his presence.

10. On or about Friday, September 26, 2014, a hangman's noose was left on Plaintiff's work station by his supervisor named Luke. Plaintiff was in fear for his safety and afraid to return to work because of these ongoing instances that escalated with the noose and by the fact that the co-worker Luke and others had told Plaintiff they carried guns.



11. Plaintiff suffered emotional distress because of these extremely racially charged incidents and sought medical treatment. His doctor advised him to take a leave of absence. Plaintiff made a Family Medical Leave Act request for time off and went home.

12. When Plaintiff returned to work after this leave during which he filed an initial Affidavit for a Charge of Discrimination with the EEOC, he was told to sweep and clean the shop. When he returned to his work area, he found someone had painted this Nazi Swastika on the trash can by his workstation:



13. Defendant failed to properly investigate the reported racial harrassment and discrimination, failed to separate the harassers from the Plaintiff, and failed to remedy the reported racial harassment and discrimination and then retaliated against the Plaintiff for making the complaint. Plaintiff took subsequent FMLA leave and when his doctor released him to return to work around the first of March, 2015, Defendant dodged meetings and phone calls from Plaintiff for approximately two weeks while he was trying to provide his return to work status and would not allow him to return to the premises.

14. Defendants also retaliated against Plaintiff when they subsequently called him in for a meeting and terminated Plaintiff's employment on or about March 12, 2015.

15. Plaintiff has actual damages in the form of back pay and front pay in lieu of reinstatement, as well as consequential damages, including but not limited to emotional distress. Further, the acts of Defendants were carried out in a willful and/or wanton manner and/or with

reckless disregard for the rights of others entitling the Plaintiff to punitive and/or liquated damages.

## IV. <u>CLAIMS FOR RELIEF</u>:

### COUNT 1
### <u>RACIAL DISCRIMINATION, HOSTILE ENVIRONMENT & RETALIATION</u>

16. Beginning approximately two months after Plaintiff's hire in November 2012, Plaintiff was subjected to racial harassment and discrimination and insensitive, defamatory and derogative comments directed to and based upon his race. These acts of racial harassment, discrimination and insensitive, defamatory and derogatory remarks were unwelcome and discriminatory against the Plaintiff and create a hostile environment.

17. Plaintiff complained to his immediate supervisor about these issues. Even after his complaints, Plaintiff continued to be harassed and was retaliated against by Defendant after making his complaints known.

18. Defendant failed to investigate the reported discrimination, failed to separate the harassers from Plaintiff and failed to remedy the reported discrimination. Defendant rretaliated against Plaintiff when they subsequently terminated his employment on or about March 12, 2015.

### COUNT 2
### <u>FMLA Interference and Retaliation</u>

19. Defendant is an employer as defined by **29 U.S.C. §2611**, in that all relevant times to the filing of this cause of action, Defendant has employed in excess of fifty (50) employees, during each of twenty (20) or more calendar workweeks in the current preceding calendar year.

20.  Plaintiff is an employee as defined by **29 U.S.C. §2611**, in that he was employed with Defendant in excess of twelve (12) months prior to the requesting leave.

21.  Plaintiff requested FMLA from Human Resources due to his serious health condition -- the extreme emotional distress suffered as a result of the co-worker's extreme racial harassment and discrimination.

22.  Defendant subsequently interfered with and retaliated against Plaintiff because of his reporting the racial harassment and discrimination and requesting time off work due to emotional distress by terminating his employment.

23.  Plaintiff always performed his duties with diligence and professionalism to the best of his abilities in spite of the ongoing racially-charged incidents in his daily work environment.

24.  The events described herein constitute a clear, substantial, and egregious violation of **29 U.S.C. §2612**, which states that an employee is:

> [E]ntitled to a total of 12 work weeks of leave during any 12 month period...[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

25.  Plaintiff's absence of reporting to work was because of a serious health condition, which was protected by **29 U.S.C. §2612**.

26.  Therefore the aforementioned retaliation was a clear, direct and substantial violation of **29 U.S.C. §2612**.

## COUNT 3
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.  The Defendant's actions throughout the relevant period were both intentional and/or reckless; and further were of an extreme and outrageous nature.

28. The Plaintiff suffered and experienced emotional distress because of the Defendant's actions and such distress was severe.

## COUNT 4
## RESPONDEAT SUPERIOR

29. The Defendant owed the Plaintiff a legal duty to adequately and properly hire, supervise, train, and monitor its employees not act in such a way as to create fear or impose terror on fellow employees.

30. The Defendant owed the Plaintiff the legal duty to protect Plaintiff from being injured or otherwise harmed and furthermore provide a reasonably safe workplace.

31. The Defendant breached these duties, and other duties as is anticipated will be revealed in the course of discovery, by negligently failing to hire, monitor, train, and supervise its employees, and further negligently failing to provide the Plaintiff a reasonably safe workplace.

32. The Defendant breached its duties to the Plaintiff by negligently failing to have proper policies and procedures in place, or in the alternative, negligently failing to follow those policies and procedures to prevent employees such as Plaintiff's supervisor and other co-workers from injuring or harming other employees or subordinates.

## COUNT 5
## VIOLATIONS OF OADA

33. Oklahoma Anti-Discrimination Act 25 O.S. § 1101 et. seq. sets forth a clear and unequivocal public policy regarding discrimination in employment in Oklahoma

34. The egregious conduct complained of by the Plaintiff and perpetrated by the Defendant is a direct violation of the OADA.

## COUNT 6
## WRONGFUL TERMINATION

35. Defendant's termination of Plaintiff constitutes a wrongful termination pursuant to *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989); *Kruchowski v. Weyehaeuser Co.*, 202 P.3d 144 (Okla. 2008); and *Shirazi v. Childtime Learning Center*, 2009 WL 468576 (Okla. 2009).

## V. DAMAGES

36. As a result of the aforementioned violations, Defendant hereby injured Plaintiff, causing actual and consequential damages. Further, the acts of the Defendant were intentional, reckless and done without regard to the rights of the Plaintiff. Plaintiff is entitled to damages in the form of back pay, front pay, consequential damages (including but not limited to emotional distress damages), punitive and liquidated damages.

WHEREFORE, Plaintiff prays for judgment over and against the Defendant for actual, compensatory, liquidated and punitive damages in the amount in excess of $10,000 and for all other relief this Court deems just and proper including interest at the statutory rate, reasonable attorney fees and costs.

Respectfully submitted,

*/s/ Derek Ingle*

J. Derek Ingle, OBA #16500
E. TERRILL CORLEY & ASSOCIATES
1809 East 15th Street
Tulsa, Oklahoma 74104-4610
(918) 744-6641 - telephone
(918) 747-4921 - facsimile
derek@corley-associates.com

ATTORNEYS FOR PLAINTIFF