# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

HENRY E. BROWN,            )
                                     )
            Plaintiff,        )
                                     )
v.                           )     Case No. 15-cv-00781-W
                                   )
GROUND ZERO SHELTERS, CO.,    )
                                   )
            Defendant.     )

---

## DEFENDANT GROUND ZERO SHELTERS, CO.'S COMBINED MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

---

Kevin R. Donelson, OBA No. 12647
C. Eric Shephard, OBA No. 22299
A. Wayne Billings, OBA No. 31483
FELLERS, SNIDER, BLANKENSHIP,
  BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:   (405) 232-0621
Facsimile:   (405) 232-9659
Email:       kdonelson@fellerssnider.com
                eshephard@fellerssnider.com
                wbillings@fellerssnider.com

***Attorneys for Defendant,***
***Ground Zero Shelters, Co.***

November 16, 2016

## TABLE OF CONTENTS

INTRODUCTION...................................................................................................1

CERTIFICATE OF COMPLIANCE WITH LCvR 37.1...................................6

ARGUMENTS AND AUTHORITIES .............................................................6

    I.      Applicable Legal Standards ........................................................... 6

    II.     The Notice Impermissibly Seeks Testimony
           Regarding Time Periods Irrelevant to Plaintiff's
           Sole Surviving Claim .................................................................... 7

    III.    The Notice Impermissibly Seeks Testimony
           Regarding Claims this Court has
           Previously Dismissed .................................................................... 9

    IV.    The Notice Impermissibly Seeks Testimony
           Relating to Matters Beyond the Limited Scope
           of Plaintiff's Recoverable Damages........................................... 10

    V.     The Notice Impermissibly Seeks Narrative
           Testimony on the Facts and Law Applicable
           to Ground Zero's Entire Case..................................................... 11

    VI.    The Notice Impermissibly Seeks Testimony
           Regarding Inadmissible "Other Bad Acts." ............................... 12

CONCLUSION .................................................................................................15

## TABLE OF AUTHORITIES

### Cases

*Bosh v. Cherokee County Governmental Bldg. Auth.*,
    2014 WL 1123493, at *2 (E.D. Okla. Mar. 20, 2014) ..................................... 5, 12

*Buffington v. Gillette Co.*,
    101 F.R.D. 400, 402 (W.D. Okla. 1980) ................................................................ 7

*Coleman v. Reed*,
    No. CIV-15-1014-M, 2016 WL 4523915, at *2 (W.D. Okla. Aug. 22, 2016) ........ 7

*Entrada v. Marriott Hotel Services, Inc.*,
    No. CIV-15-322-C, 2016 WL 5720832, at *1 (W.D. Okla. Oct. 3, 2016) ............. 7

*Hesselbine v. von Wedel*,
    44 F.R.D. 431, 434 (W.D. Okla. 1968) ............................................................... 10

*Jacobs v. Alexander*,
    2016 WL 4440957, at *8-9 (E.D. Cal. Aug. 22, 2016) ........................................ 10

*Kelly v. Boeing Petroleum Svcs., Inc.*,
    61 F.3d 350, 357–360 (5th Cir. 1995) ................................................................. 14

*Lawyers Title Insurance Corp. v. U.S. Fidelity & Guar. Co.*,
    122 F.R.D. 567 (N.D. Cal. 1988) ........................................................................ 14

*Leksi, Inc. v. Fed. Ins. Co.*,
    129 F.R.D. 106 (D.N.J. 1989) .............................................................................. 13

*Mallison-Montague v. Pocrnick*,
    224 F.3d 1224, 1236-37 (10th Cir. 2000)................................................... 4, 10, 11

*Millennium Marketing Group, Ltd. v. Simonton Bldg. Prod., Inc.*,
    2009 WL 2407723, *7 (D. Kan. Aug. 4, 2009)...................................................... 7

*Moses v. State Farm Mut. Auto. Ins. Co.*,
    104 F.R.D. 55, 57 (N.D. Ga. 1984) ..................................................................... 13

*North River Ins. Co. v. Mayor and City Council of Baltimore*,
    680 A.2d 480 (Md. 1996)..................................................................................... 13

*Olivo v. Crawford Chevrolet, Inc.*,
  2011 WL 12687969, at *4 (D.N.M. Apr. 20, 2011)...................................7

*Prouty v. Nat'l R.R. Passenger Corp.,*
  99 F.R.D. 545 (D.D.C. 1983) ................................................14

*Rauh v. Coyne*,
  744 F. Supp. 1181, 1183 (D.D.C. 1990) ....................................14

*Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.,*
  1991 WL 183842 (E.D. Pa. Sept. 16, 1991)..................................14

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v.Coventry First LLC*,
  273 F.R.D. 367, 369 (S.D. N.Y. 2010)......................................12

*Rivera v. Baccarat*,
  1997 WL 777887, at *2 (S.D.N.Y. Dec. 15, 1997)........................14, 15

*Sickora v. Northwestern Mut. Life Ins. Co.,*
  2001 WL 1202800 (E.D. Pa. Oct. 10, 2001) ................................13

*Spencer v. Wal-Mart Stores, Inc,*
  469 F.3d 311, 317, n. 6 (3d Cir. 2000) ...............................5, 11

*Taco, Inc. v. Federal Ins. Co.*,
  2007 WL 4269810, *2 (D.R.I. Nov. 30, 2007) ...............................13

*TTX Co. v. Whitley,*
  692 N.E.2d 790, 796 (Ill. App. Ct. 1st Dist. 1998) .......................13

*Wagner v. St. Paul Fire & Marine Ins. Co.*,
  238 F.R.D. 418, 426, (N.D. W. Va. 2006) .................................12

*Welzel v. Bernstein*,
  2005 WL 1983798, at *3 (D.D.C. Aug. 16, 2005)............................12

*White v. Fairfax Cty. Gov't,*
  2008 WL 8141273, at *1 (E.D. Va. Aug. 26, 2008) ..........................7

*White v. U.S. Catholic Conference*,
  1998 WL 429842, at *5 (D.D.C. May 22, 1998) .........................13, 14

*Williams v. Sprint/United Management Co.*,
    235 F.R.D. 494, 502 (D. Kan. 2006) ................................................................. 5, 11

## Statutes

42 U.S.C. § 1981a(b)(2) ..................................................................................... 4, 10

42 U.S.C. § 2000e-5(g) .......................................................................................4, 10

## Rules

Fed. R. Civ. P. 26(b)(1) ................................................................................. 6, 7, 9

LCvR 37.1 ............................................................................................................. 6

Fed. R. Evid. 404(b)(1)....................................................................................... 5, 12

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), Defendant, Ground Zero Shelters, Co. ("Ground Zero" or "Defendant"), respectfully moves for an order quashing in part the Notice of Videotaped Deposition(s) of Corporate Representative(s) ("Notice") issued to Ground Zero by Plaintiff, Henry Brown ("Plaintiff") on November 3, 2016, and for a protective order limiting the scope of the upcoming deposition, which was set to be taken on Wednesday, November 23, 2016 before this Motion was filed.[1]  In light of the Court's prior rulings dismissing all of Plaintiff's claims except a single claim based on a racially hostile work environment, the vast majority of the topics set forth in the Notice are overly broad, irrelevant, and outside the scope of permissible discovery.  Accordingly, Plaintiff should be prohibited, in whole or in part, from inquiring into Topic Nos. 1-8, 10, and 12-14 of the Notice.  In support, Ground Zero states as follows:

## INTRODUCTION

The sole remaining issue in this case is whether Plaintiff was subjected to a racially hostile work environment while he was employed by Ground Zero.  The Court previously dismissed Plaintiff's "Title VII and OADA termination claims for failure to exhaust, his Title VII and OADA retaliation claims, his FMLA interference and retaliation claims and his state law claims for intentional infliction of emotional distress and negligence[.]"  Order dated Sept. 18, 2015 [Doc. No. 15].  After Plaintiff amended

---

[1] Ground Zero intended to file this Motion before today but had refrained from doing so in anticipation that Plaintiff would send an amended deposition notice to alleviate some of Ground Zero's objections.  That anticipation was based on discussions between counsel for the parties that occurred after the Notice was submitted.  However, counsel's discussion on the phone earlier this afternoon confirmed that Plaintiff would not be issuing an amended notice.  Ground Zero filed this Motion only a few hours after counsel's telephone conversation earlier this afternoon.

his Complaint, the Court again dismissed Plaintiff's "OADA retaliatory termination claim for failure to exhaust, his Title VII retaliatory termination claim, his FMLA retaliation claim, and his state law claims for intentional infliction of emotional distress and negligence."  Order dated Nov. 13, 2015 [Doc. No. 20].  As this latest dismissal denied Plaintiff leave to amend, Plaintiff's sole remaining cause of action is based on an alleged racially hostile work environment.

Ignoring the extremely narrow scope of his remaining claim, Plaintiff's Notice seeks testimony on numerous issues that are irrelevant to Plaintiff's sole remaining theory of liability.  Specifically, Plaintiff improperly seeks deposition testimony on the following topics:

- Topic No. 1: "Financial condition of Defendant for 2011 to present."

- Topic No. 2: "All employees of Defendant and their positions since 2011."

- Topic No. 3: "Authentication of documents prepared by Defendant or its employees."

- Topic No. 4: "Information regarding employees whose employment has ended who have also taken FMLA within 1 year of termination and/or filed a charge with the EEOC for discrimination."

- Topic No. 5: "All claims of FMLA harassment, retaliation, discrimination, interference or discharge made by employees or ex-employees against Defendant from 2000 to present.  Please be prepared to provide the name of the employee or ex- employee, the circumstances of the allegation and the date of termination, if applicable."

- Topic No. 6: "All lawsuits claiming FMLA harassment, retaliation, discrimination, interference or discharge made by employees or ex-employees against Defendant from 2000 to present.  Please be prepared to provide the name of the employee or ex-employee, the circumstances of the allegation and the date of termination if applicable.

- Topic No. 7: "All claims and lawsuits from employees or ex-employees alleging wrongful termination from 2000 to present."

- Topic No. 8: "Facts and circumstances regarding the termination of Plaintiff Henry E. Brown and total compensation of Plaintiff Henry E. Brown at the time of his termination."

- Topic No. 10: "All of Defendant's claimed defenses."

- Topic No. 12: "All other claims of harassment, discrimination and wrongful termination by the Defendant since 2005 to present."

- Topic No. 13: "All claims or charges of discrimination filed against Defendant with EEOC or the Oklahoma Human Rights Commission or equivalent."

- Topic No. 14: "Names and last known contact information of all ex-employees since 2011."

*See Ex. 1 – Notice* (emphasis in original).[2]

These topics are facially irrelevant, overly broad, and beyond the scope of permissible discovery for several reasons. ***First***, Plaintiff's *only* remaining claim is based on an allegedly hostile work environment during the time of Plaintiff's employment at Ground Zero—*i.e.*, from early February 2013 to March 12, 2015. Information, documents, employees, claims, and allegations from before or after that time period are irrelevant for purposes of determining whether *this* Plaintiff was subjected to a racially hostile work environment between February 2013 and March 2015. Topic Nos. 1, 2, 5, 6, 7, 12, and 14 impermissibly seek testimony regarding events as far back as 2011, 2005, or even 2000—more than twelve (12) years before Plaintiff ever came to work at Ground Zero. Even worse, Topic Nos. 3, 4, and 13 have no temporal limitation of any kind.

---

[2] It should be noted that, subject to privilege objections that may have to be resolved at the actual deposition(s), Ground Zero has no objection to Topics 9 or 11 to the Notice.

Because the only facts relevant to Plaintiff's sole remaining claim necessarily occurred while Plaintiff was employed at Ground Zero, the majority of the topics listed in the Notice are irrelevant and overly broad.

**Second**, Plaintiff's Notice explicitly seeks testimony regarding claims this Court has already dismissed. Topic No. 4 plainly addresses FMLA claims (all of which have been dismissed), while Topic Nos. 5 and 6 expressly pertain to claims of "FMLA harassment, retaliation, . . . interference or discharge." Topic Nos. 7, 8, and 12 seek discovery on termination-related claims, despite the fact that the Court's prior rulings unambiguously dismissed all claims sounding in wrongful termination. Plaintiff's attempted discovery as to claims the Court has already dismissed is facially irrelevant.

**Third**, Plaintiff has likewise failed to confine the topics in his Notice in accordance with the statutory limitation on recoverable damages in cases of allegedly hostile work environment without constructive discharge. Congress has specifically provided that damages available to a party in Plaintiff's position "shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e-5(g)]." 42 U.S.C. § 1981a(b)(2). Numerous appellate courts, including the Tenth Circuit, have held that this statute, in conjunction with § 2000e-5(g), requires a plaintiff to prevail on a claim of constructive discharge in addition to a claim of hostile work environment in order to recover lost wages such as backpay. *Mallison-Montague v. Pocrnick*, 224 F.3d 1224, 1236-37 (10th Cir. 2000) (holding that a hostile-work-environment claim alone in the absence of a successful constructive-discharge claim is insufficient to support an award for lost

wages); *see also Spencer v. Wal-Mart Stores, Inc.* 469 F.3d 311, 317, n. 6 (3d Cir. 2000) (collecting cases).  In light of this limitation, Plaintiff's attempted discovery into compensation information (Topic No. 8) is entirely irrelevant, because Plaintiff does not have a claim that would, if successful, entitle him to a compensation-based recovery.

**Fourth**, Topic No. 10 is also facially improper, because it calls for testimony as to "[a]ll of Defendant's claimed defenses."  As written, this is not a proper subject for discovery, whether through interrogatory or deposition testimony.  *Williams v. Sprint/United Management Co.*, 235 F.R.D. 494, 502 (D. Kan. 2006) (invalidating these types of so-called "narrative" interrogatories); *see also Bosh v. Cherokee County Governmental Bldg. Auth.*, 2014 WL 1123493, at *2 (E.D. Okla. Mar. 20, 2014) (same). While Ground Zero certainly has no objection to producing a witness prepared to testify as to facts that may be relevant to its claimed defenses, the question of whether those facts give rise to a legally cognizable "claim" or "defense" is obviously not a proper subject for a deposition.

**Finally**, the Notice is a classic fishing expedition for irrelevant and inadmissible "other bad acts" evidence.  Fed. R. Evid. 404(b)(1) plainly states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Thus, Topic Nos. 2, 4, 5, 6, 7, 12, 13, and 14 exceed the scope of permissible discovery, because they seek testimony regarding (a) claims, if any, against Ground Zero unrelated to Plaintiff's claim; (b) the identity and private contact information of Ground Zero employees other than those who worked at Ground Zero with Plaintiff; and (c) alleged

facts, circumstances, and occurrences that have nothing to do with the type of work environment present during Plaintiff's term of employment.  Because Plaintiff's Notice goes far beyond the narrow scope of his sole remaining claim in this case, the Notice should be quashed and the Court should issue a protective order limiting the scope of Plaintiff's discovery as set forth herein.

## CERTIFICATE OF COMPLIANCE WITH LCvR 37.1

On at least two occasions (and most recently on November 16, 2016), counsel for Plaintiff and counsel for Ground Zero conferred via telephone to discuss Ground Zero's objections to the Notice, in accordance with LCvR 37.1.  Plaintiff's counsel offered certain modifications, which he subsequently expressed in an email to counsel for Ground Zero the same day.  *See Ex. 2*, attached.  However, and as set forth in greater detail below, the Notice modifications proposed by email by Plaintiff's counsel do not address all, or even most, of Ground Zero's objections.  Thus, despite good faith efforts in accordance with the local rule, the parties have been unable to resolve the present dispute as to the scope of the Notice.  Because Plaintiff has declined to issue an Amended Notice formalizing the narrower scope described in his counsel's November 16 email, Ground Zero's arguments and authorities herein address the Notice as written.

## ARGUMENTS AND AUTHORITIES

### I.   APPLICABLE LEGAL STANDARDS.

The scope of the claims and defenses at issue determines the scope of permissible discovery.  "Parties may obtain discovery regarding any nonprivileged matter *that is relevant to any party's claim or defense* and proportional to the needs of the case[.]"  Fed.

R. Civ. P. 26(b)(1) (emphasis added). "[T]hough the scope of discovery is broad, it is not unlimited. The basic positive touchstone is relevance, including the reasonable possibility that the information sought would lead to admissible evidence." *Buffington v. Gillette Co.*, 101 F.R.D. 400, 402 (W.D. Okla. 1980) (citations omitted). *See also Millennium Marketing Group, Ltd. v. Simonton Bldg. Prod., Inc.*, 2009 WL 2407723, *7 (D. Kan. Aug. 4, 2009) (noting that relevance is determined by the specific claims and defenses asserted by the parties).

## II. THE NOTICE IMPERMISSIBLY SEEKS TESTIMONY REGARDING TIME PERIODS IRRELEVANT TO PLAINTIFF'S SOLE SURVIVING CLAIM.

Plaintiff's Notice greatly exceeds the temporal scope of facts and circumstances relevant to Plaintiff's claim. In order to satisfy the standard of relevance set forth in Fed. R. Civ. P. 26, discovery must ordinarily bear some reasonable relationship to the time period giving rise to the claims at issue. *See, e.g., Entrada v. Marriott Hotel Services, Inc.*, No. CIV-15-322-C, 2016 WL 5720832, at *1 (W.D. Okla. Oct. 3, 2016) (limiting scope of discovery in a wrongful termination and discrimination case to period of two years prior to plaintiff's termination); *Coleman v. Reed*, No. CIV-15-1014-M, 2016 WL 4523915, at *2 (W.D. Okla. Aug. 22, 2016) (limiting discovery requests to period immediately before and during the incident at issue); *Olivo v. Crawford Chevrolet, Inc.*, 2011 WL 12687969, at *4 (D.N.M. Apr. 20, 2011) (reducing temporal scope of requested discovery to more closely comport with the scope of the pleadings); *White v. Fairfax Cty. Gov't*, 2008 WL 8141273, at *1 (E.D. Va. Aug. 26, 2008) (where the "alleged discrimination took place between November 18, 2004 and June 30, 2005[,] . . . the

Court's discovery limitations as to that time period and job announcements for which plaintiff applied in that time period are appropriate."). Because Plaintiff only worked at Ground Zero between early February 2013 and March 12, 2015, he is only entitled to discovery reasonably related to that time period.

Plaintiff's Notice impermissibly asks Ground Zero to provide a witness prepared to testify on matters outside the relevant temporal scope of this case. Specifically, the Notice seeks testimony regarding:

- Ground Zero's financial condition *since 2011* (Topic No. 1);

- Ground Zero's employees *since 2011* (Topic No. 2);

- Authentication of documents prepared by Ground Zero *without any temporal limitation* (Topic No. 3);

- Claims made against Ground Zero *since 2000* (Topic Nos. 5, 6, and 7);

- Claims made against Ground Zero *since 2005* (Topic No. 12);

- All EEOC or Oklahoma Human Rights Commission claims made against Ground Zero *without any temporal limitation* (Topic No. 13); and

- Names and contact information for Ground Zero employees *since 2011* (Topic No. 14).

These topics are overly broad. The relevant question in this case is the type of work environment present at Ground Zero during Plaintiff's employment. The work environment—including any claims made against Ground Zero—existing prior to early February 2013 is completely irrelevant. Several of Plaintiff's topics in the Notice seek information from events occurring *more than a decade* before Plaintiff started working at Ground Zero (Topic Nos. 5, 6, and 7). Several others have no time limits at all (Topic

Nos. 3 and 13).   On the whole, the Notice reflects a failure by Plaintiff to limit his deposition topics in accordance with the Court's prior rulings and the boundaries of Fed. R. Civ. P. 26.   Accordingly, the Court should issue an order quashing the Notice to the extent it seeks discovery from time periods irrelevant to Plaintiff's sole remaining claim for a racially hostile work environment.

III.   **THE NOTICE IMPERMISSIBLY SEEKS TESTIMONY REGARDING CLAIMS THIS COURT HAS PREVIOUSLY DISMISSED.**

Plaintiff's Notice also plainly seeks testimony regarding claims this Court has already dismissed.   As noted above, the Court has twice dismissed Plaintiff's claims for wrongful termination, his OADA-based claims, his FMLA-based claims, and his state-law tort claims.   In its first order, the Court dismissed Plaintiff's "Title VII and OADA termination claims for failure to exhaust, his Title VII and OADA retaliation claims, his FMLA interference and retaliation claims and his state law claims for intentional infliction of emotional distress and negligence[.]"   Order dated Sept. 18, 2015 [Doc. No. 15].   Later, after the Court allowed Plaintiff to amend his Complaint, the Court again dismissed Plaintiff's "OADA retaliatory termination claim for failure to exhaust, his Title VII retaliatory termination claim, his FMLA retaliation claim, and his state law claims for intentional infliction of emotional distress and negligence."   Order dated Nov. 13, 2015 [Doc. No. 20].

Plaintiff's Notice disregards the Court's prior orders.   While the Court left no doubt that the only claim remaining to Plaintiff is a claim for racially hostile work environment, Plaintiff's Notice proceeds under the misguided impression that his entire

case is still alive. Despite having no FMLA claims, Topic Nos. 4, 5, and 6 of the Notice plainly address FMLA issues. Likewise, Topic Nos. 7, 8, and 12 seek discovery on termination-related claims, despite the fact that the Court's prior rulings unambiguously dismissed all claims related to Plaintiff's termination. Simply stated, Plaintiff may not seek discovery as to claims Plaintiff no longer has. *Jacobs v. Alexander*, 2016 WL 4440957, at *8-9 (E.D. Cal. Aug. 22, 2016) ("Plaintiff may not provide testimony or reference any Defendants, claims, or events that were previously dismissed from this action as such evidence is not relevant[.]"); *Hesselbine v. von Wedel*, 44 F.R.D. 431, 434 (W.D. Okla. 1968) ("Court should confine itself to matters involved in the pleadings."). Because Plaintiff is attempting discovery as to claims the Court has explicitly rejected, the Notice should be quashed as to Topic Nos. 4, 5, 6, 7, 8, and 12.

## IV. THE NOTICE IMPERMISSIBLY SEEKS TESTIMONY RELATING TO MATTERS BEYOND THE LIMITED SCOPE OF PLAINTIFF'S RECOVERABLE DAMAGES.

Because he has no claim based on termination (actual or constructive), Plaintiff's damages are limited by statute. Congress has specifically provided that parties like Plaintiff—that is, parties for whom the alleged discrimination did *not* result in termination—cannot recover "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e-5(g)]." 42 U.S.C. § 1981a(b)(2). Numerous appellate courts, including the Tenth Circuit, have held that this statute, in conjunction with § 2000e-5(g), requires a plaintiff to prevail on a claim of constructive discharge in addition to a claim of hostile work environment in order to recover lost wages such as backpay. *Mallison-Montague v. Pocrnick*, 224 F.3d

1224, 1236-37 (10th Cir. 2000) (holding that a hostile-work-environment claim alone in the absence of a successful constructive-discharge claim is insufficient to support an award for lost wages); *see also Spencer v. Wal-Mart Stores, Inc.* 469 F.3d 311, 317, n. 6 (3d Cir. 2000) (collecting cases).

Here, Plaintiff has no claim for constructive discharge or wrongful termination. All such claims have been expressly dismissed. Order dated Nov. 13, 2015 [Doc. No. 20]. The inescapable conclusion is that Plaintiff is statutorily barred from seeking backpay as part of his alleged damages in this case. Thus, Plaintiff's attempted discovery into compensation information (Topic No. 8) is irrelevant. Because a compensation-based recovery is unavailable to Plaintiff, compensation information has no bearing whatsoever on the sole issue to be determined at trial, *i.e.*, the racial environment present at Ground Zero while Plaintiff worked there. Accordingly, the Court should quash the Notice as to Topic No. 8 and should issue a protective order prohibiting Plaintiff from seeking deposition testimony from Ground Zero's corporate representative on the issue of Plaintiff's compensation.

## V. THE NOTICE IMPERMISSIBLY SEEKS NARRATIVE TESTIMONY ON THE FACTS AND LAW APPLICABLE TO GROUND ZERO'S ENTIRE CASE.

Topic No. 10 is a classic narrative inquiry. Ground Zero cannot possibly prepare a witness to testify in exhaustive detail as to "**[a]ll** of Defendant's claimed defenses." As written, this topic seeks a narrative of every fact *and* legal principle at issue in this case. Courts have held that such "narrative" inquiries are improper in interrogatories. *E.g., Williams v. Sprint/United Management Co.*, 235 F.R.D. 494, 502 (D. Kan. 2006)

(invalidating so-called "narrative" interrogatories); *see also Bosh v. Cherokee County Governmental Bldg. Auth.*, 2014 WL 1123493, at *2 (E.D. Okla. Mar. 20, 2014) (same); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D. N.Y. 2010); *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 426, 66 Fed. R. Serv. 3d 992 (N.D. W. Va. 2006). As both interrogatories and deposition questions seek binding, sworn responses, there is no reason why the rule against "all claims" interrogatories should not apply with equal force to an "all claims" deposition topic.

As stated above, Ground Zero does not object to producing one or more witnesses prepared to testify as to the *facts* at issue. However, the extent to which they may or may not be relevant to Ground Zero's claimed defenses is clearly improper and overly broad. Stated differently, fact witnesses cannot be called upon to address the question of whether certain facts give rise to a legally cognizable "claim" or "defense." As written, Topic No. 10 is overly broad and should be quashed.

## VI. THE NOTICE IMPERMISSIBLY SEEKS TESTIMONY REGARDING INADMISSIBLE "OTHER BAD ACTS."

Finally, Topic Nos. 2, 4, 5, 6, 7, 12, 13, and 14 clearly seek the very sort of "other bad acts" evidence prohibited by Fed. R. Evid. 404(b)(1). While the evidentiary rule itself is not a bar to discovery, courts have held that the inadmissibility of "other bad acts" evidence means that the burden should be on the requesting party to establish the relevance of "other bad acts" for discovery purposes. *E.g., Welzel v. Bernstein*, 2005 WL 1983798, at *3 (D.D.C. Aug. 16, 2005) (finding "other bad acts" irrelevant for discovery

purposes in employment discrimination case, and alternatively holding that, even if "such testimony might be theoretically discoverable, I would nevertheless prohibit the inquiry on the grounds that what little probative force it might have is overwhelmed by its tendency to waste time and resources"); *White v. U.S. Catholic Conference*, 1998 WL 429842, at *5 (D.D.C. May 22, 1998) (holding, inter alia, that evidence that an employer was sued for discrimination generally is not probative of whether or not the employer had a propensity to discriminate based on a specific quality such as a medical disability).

In a different but analogous context, courts resolving discovery disputes in bad faith cases have routinely prohibited discovery relating to the claims of other insureds. *E.g., Taco, Inc. v. Federal Ins. Co.*, 2007 WL 4269810, *2 (D.R.I. Nov. 30, 2007); *Moses v. State Farm Mut. Auto. Ins. Co.*, 104 F.R.D. 55, 57 (N.D. Ga. 1984) ("The issues in this case are limited to [the insurer's] conduct regarding [the insured's] claim for insurance benefits and to the adequacy of [the insurer's] reasons for that conduct. [The insurer's] conduct regarding the insurance claims of others is of no consequence."); *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 106 (D.N.J. 1989) (in insurance coverage dispute, court held that files of other insureds not discoverable due to remote relevance and disproportionate burden on production); *North River Ins. Co. v. Mayor and City Council of Baltimore,* 680 A.2d 480 (Md. 1996) (agreeing with majority of cases that deny any discovery of records of other insureds or other claims); *TTX Co. v. Whitley,* 692 N.E.2d 790, 796 (Ill. App. Ct. 1st Dist. 1998) (same); *Sickora v. Northwestern Mut. Life Ins. Co.,* 2001 WL 1202800 (E.D. Pa. Oct. 10, 2001) (discovery of other complaints or issues relating to other insureds denied as overly broad and irrelevant as there is no threshold showing

requirement that the underlying facts and circumstances be similar to the instant case); *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.,* 1991 WL 183842 (E.D. Pa. Sept. 16, 1991) (motion to compel denied seeking to discover documents relating to other insureds or other claims as being irrelevant and not calculated to lead to the discovery of admissible evidence); *Prouty v. Nat'l R.R. Passenger Corp.,* 99 F.R.D. 545 (D.D.C. 1983) (same); *Lawyers Title Insurance Corp. v. U.S. Fidelity & Guar. Co.,* 122 F.R.D. 567 (N.D. Cal. 1988).

Simply stated, Plaintiff's Notice is overly broad because no two claims are alike. During the parties' conference regarding the Notice on November 16, 2016, counsel for Plaintiff expressed his belief that evidence of other types of discrimination at Ground Zero—such as gender or disability discrimination—are probative to Plaintiff's claim of a *racially* hostile work environment.   However, courts that have addressed this issue uniformly disagree.  *E.g., Kelly v. Boeing Petroleum Svcs., Inc.*, 61 F.3d 350, 357–360 (5th Cir. 1995) (holding comments pertaining to race, sex and origin have no tendency to prove disability discrimination and were therefore rightly excluded pursuant to Federal Rules of Evidence 401 and 403); *Rauh v. Coyne*, 744 F. Supp. 1181, 1183 (D.D.C. 1990) (finding that plaintiff alleging gender discrimination may not introduce evidence of racial discrimination because it is not relevant under Federal Rules of Evidence 401 and would result in unfair prejudice outweighing any probative value pursuant to Federal Rules of Evidence); *see also White v. U.S. Catholic Conference*, 1998 WL 429842, at *6 (D.D.C. May 22, 1998) (holding prior allegations of discrimination based on race were not discoverable in case involving claim of disability discrimination); *Rivera v. Baccarat*,

1997 WL 777887, at *2 (S.D.N.Y. Dec. 15, 1997) (holding allegations of race and gender discrimination are irrelevant to claims of national origin discrimination and are thereby inadmissible).

These authorities demonstrate that the Court should prohibit Plaintiff's attempted discovery into these so-called "other bad acts." Specifically, the Court should issue an order quashing the Notice as to Topic Nos. 2, 4, 5, 6, 7, 12, 13, and 14.

## CONCLUSION

For the foregoing reasons, Ground Zero respectfully requests an order quashing Plaintiff's Notice to the extent it seeks evidence regarding irrelevant time periods, previously dismissed claims, unrecoverable damages, improper narratives, and inadmissible other acts or occurrences. Ground Zero further requests a protective order prohibiting Plaintiff from further discovery—whether via depositions or otherwise— regarding the irrelevant and impermissible subjects discussed herein.

Respectfully submitted,

*/s/ A. Wayne Billings*
Kevin R. Donelson, OBA No. 12647
C. Eric Shephard, OBA No. 22299
A. Wayne Billings, OBA No. 31483
FELLERS, SNIDER, BLANKENSHIP,
   BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:   (405) 232-0621
Facsimile:   (405) 232-9659
Email:      kdonelson@fellerssnider.com
            eshephard@fellerssnider.com
            wbillings@fellerssnider.com

**Attorneys for Defendant,
Ground Zero Shelters, Co.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2016, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

*/s/ A. Wayne Billings*
A. Wayne Billings

696798v2:26921

16